UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20162-GAYLES

SELWYN DON TITUS,

        Plaintiff,

v.

MIAMI DADE COUNTY WATER
AND SEWER,
        Defendant.

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Selwyn Don Titus, appearing *pro se*, filed this action on January 12, 2017 [ECF No. 1]. He also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 4]. Because the Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

The Court has reviewed Plaintiff's filings and finds that it does not have jurisdiction over Plaintiff's claims.[1] Plaintiff is appealing a ruling by the Florida Division of Administrative Hearings. Florida Statute § 120.68(2)(a) provides that "[j]udicial review shall be sought in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law." F.S.A. § 120.68(2)(a). Accordingly, Plaintiff must file his appeal in the state court of appeals – in this case the Florida Third District Court of Appeal. *See also Wilhelm v. Florida A&M University College of Law*, Case No. 6:07-CV-281ORL19KRS, 2007 WL 1482022 at * 2 (M.D. Fla. Mar. 7, 2007) (holding that petition for judicial review of agency action must be filed in the state court of appeals).

---

1  The Court notes that Plaintiff has another action pending in this Court against Defendant based on virtually identical underlying facts.  *See Selwyn Don Titus v. Miami-Dade County Water and Sewer,* Case No. 16-CV-24000-MGC.

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED** pursuant to Section 1915(e)(2)(B)(ii). This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

3